**Opinion issued July 25, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00578-CV

————————————

**HARDY AUTO STORAGE AND ZONE 3 COLLISION CENTER,**
**Appellants**

**V.**

**KIRBY CHANTELLE HATMAN, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1200996**

---

## MEMORANDUM OPINION

Appellants, Hardy Auto Storage and Zone 3 Collision Center, have neither paid the required fees nor established indigence for purposes of appellate costs. *See* TEX. R. APP. P. 5, 20.1; *see also* TEX. GOV'T CODE ANN. §§ 51.207, 51.208, 51.851(b), 51.941(a); Order, Fees Charged in the Supreme Court, in Civil Cases in

the Courts of Appeals, and Before the Judicial Panel on Multi-District Litigation, Misc. Docket No. 15-9158 (Tex. Aug. 28, 2015). On September 6, 2023, appellants were notified that this appeal was subject to dismissal if appellate costs were not paid, or indigence was not established, by October 6, 2023. *See* TEX. R. APP. P. 42.3(b), (c). Appellants did not adequately respond.

Further, appellants have failed to timely file a brief. *See* TEX. R. APP. P. 38.6(a) (governing time to file brief). Appellants filed a notice of appeal from the trial court's July 17, 2023 trial court order. The clerk's record was filed on August 10, 2023, and on September 19, 2023, the court reporter notified the Court that there was no reporter's record for this case. Accordingly, appellants' brief was due to be filed on or before October 19, 2023. *See* TEX. R. APP. P. 38.6(a). Appellants did not file an appellants' brief.

On November 14, 2023, the Clerk of this Court notified appellants that this appeal was subject to dismissal unless a brief or a motion to extend time to file a brief was filed within ten days of the notice. *See* TEX. R. APP. P. 38.8(a) (governing failure of appellant to file brief), 42.3(b) (allowing involuntary dismissal of appeal for want of prosecution), 42.3(c) (allowing involuntary dismissal of case for failure to comply with notice from Clerk of Court). Despite the notice that this appeal was subject to dismissal, appellants did not adequately respond.

Accordingly, we dismiss the appeal for nonpayment of all required fees and want of prosecution. *See* TEX. R. APP. P. 5, 42.3(b), (c), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.